## ABEL v. MURPHY.

### (Supreme Court, Appellate Term. May 5, 1904.)

1. SALES—SALE BY SAMPLE—WARRANTY.
      Defendant stated to plaintiff, a dealer in fruit, that he wished to purchase grape fruit, and plaintiff directed defendant to examine a load of boxes that stood in front of plaintiff's store. Those of the boxes which were examined contained grape fruit, and the load of boxes was sold to defendant, being billed as grape fruit; but some of the boxes did not contain grape fruit. *Held*, in an action for the price, wherein it appeared that it was the custom in the market to sell fruit in bulk by sample boxes, the purchaser opening a few boxes and then making his offer, that the rule of caveat emptor had no application.

2. SAME—IMPLIED WARRANTY—CHARACTER OF GOODS.
      Under the circumstances, there was an implied warranty that the boxes all contained grape fruit.

3. SAME—ACTION FOR PRICE—BREACH OF WARRANTY—INSTRUCTIONS.
      Where, in an action for the price of fruit sold to defendant, he set up by way of counterclaim that the goods were not of the character warranted, it was error to instruct that the only question to be considered was whether plaintiff knowingly sold the goods with intent to deceive defendant.

4. SAME—WARRANTY—FAILURE TO RETURN GOODS.
      Where goods were sold with a warranty as to their character, and, shortly after, the buyer stated to the seller that he was going to return some of the goods because they were not as represented, and the seller

---

¶ 4. See Sales, vol. 43, Cent. Dig. § 816.

replied that he would not accept the goods, the purchaser was relieved from any further duty as to returning the goods.

5. SAME—SALE BY SAMPLE—CUSTOM—PURCHASER'S INSPECTION.

It was the custom of a market, among the buyers and sellers of fruit, for a purchaser of a lot of fruit to examine a few boxes and make his purchase from such samples. A purchaser of a consignment of boxes of fruit opened a few of them, which contained grape fruit, and purchased all the boxes as containing grape fruit, but some of them did not. *Held*, in an action for the price, that he was not precluded, by reason of any lack of diligence, from counterclaiming on the boxes that did not contain grape fruit.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Edward Abel against Michael H. Murphy. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

Wilbur, Hart, Norman & Kahn, for appellant.

Truax, Watson & Roberts, for respondent.

FREEDMAN, P. J. The only litigated question in this case is the right of the defendant to an allowance by way of counterclaim for the price of 35 boxes of what is called "shaddock," which is the fruit of a tropical tree, having no marketable value, and which the defendant alleges was sold to him by the plaintiff as grape fruit. The facts are substantially as follows: On November 24, 1903, the plaintiff had in front of his store a load of boxes which had been consigned to him from Florida as containing grape fruit. The defendant's buyer, one Lyons, came along and asked the plaintiff "what he had." The plaintiff replied that he "didn't exactly know what it was." Plaintiff then told Lyons to examine the boxes, and Lyons opened two or three, and, stating that they contained grape fruit, made an offer for the lot, which consisted of 71 boxes; the price offered being $3.50 per box for 35 boxes, and $3 per box for 16 boxes; it being estimated that about 16 boxes contained a species known as "Russetts," which is an inferior quality of grape fruit. There is not the slightest doubt but that the parties believed that all the boxes contained grape fruit. The goods were billed to plaintiff as grape fruit. Lyons told the plaintiff that he wanted to buy grape fruit. Plaintiff made out a sales ticket, a call card to be given to the driver of the truck that subsequently called for the boxes, and he entered the transaction on his books, and rendered a bill to defendant, in each of such exhibits designating the fruit as grape fruit. It was admitted upon the trial that the custom in New York market among buyers and sellers of fruit is to sell fruit in bulk by sample boxes opened; the purchaser opening a few boxes, and then making his offer according to the sample. This was the course pursued by the defendant's buyer. Both parties had been engaged in the business for many years, and were aware of such custom. The fruit was delivered to the defendant's store the same day, and the next morning it was discovered that 35 boxes of the 71 contained shaddock, which it was conceded upon the trial is not grape fruit, has no market value, and is worthless. The defendant on the same day offered to return the

88 N.Y.S.—17

shaddock to the plaintiff, but he absolutely refused to accept it. Subsequently, a few days later, defendant offered to return all the fruit to plaintiff, which offer was refused, as was also plaintiff's check for the price agreed upon for the 71 boxes, less the 35 containing the worthless fruit. Plaintiff then sued for the purchase price of the lot sold defendant, the defendant setting up the counterclaim for damages as to the 35 boxes, which counterclaim was dismissed by the court upon the trial; and plaintiff recovered judgment for the full amount of his claim, from which judgment defendant appeals.

The claim of the plaintiff is that he never represented the boxes to contain grape fruit, and did not know whether the fruit was grape fruit or not. Possibly he did not so state in words, but the circumstances surrounding the transaction show conclusively that both parties regarded all of the boxes as containing grape fruit, and that it was grape fruit that was being sold and bought. The plaintiff makes no statement as to what actual knowledge he had as to the contents of the boxes, but he states that Lyons, defendant's buyer, told him (plaintiff) that he wanted grape fruit, and that what he (plaintiff) sold to Lyons "was supposed to be grape fruit." The plaintiff was present when Lyons opened the boxes regarded as samples. The rule of caveat emptor invoked by the plaintiff has no application here. The doctrine that a bargain and sale of a chattel of a particular description imports a contract of warranty that the article sold is of that description is sustained by a great weight of judicial authority. White v. Miller, 71 N. Y. 116, 129, 27 Am. Rep. 13; Hawkins v. Pemberton, 51 N. Y. 198, 10 Am. Rep. 595. Had the defendant counterclaimed for damages by reason of the quality or condition of the fruit bought by him, another situation would have presented itself. Suppose, upon opening the boxes, the defendant had discovered that 35 of them contained sand or waste paper, or were empty; could it be claimed that, having purchased, according to the custom of the market, 71 boxes of fruit by sample, the plaintiff could recover for boxes containing nothing of value? Certainly not.

The charge to the jury was erroneous. It was to the effect that the only question to be considered by them was whether the plaintiff knowingly and consciously sold the fruit with intent to deceive the defendant. The defendant made no such claim. The defendant's claim was that there was an express or implied warranty by plaintiff that the fruit sold was grape fruit. Proof of plaintiff's intent was not necessary to enable the defendant to recover upon his counterclaim if he proved the essentials of a warranty, of which intent is not a necessary ingredient.

The claim of the plaintiff that defendant's failure to promptly return the fruit is fatal to his recovery is not borne out by the record. Whether or not such course was necessary, under the circumstances of this case, need not be determined, as the proof shows that immediately upon discovering the worthless character of the fruit the defendant did say to plaintiff: " 'I have got some shaddock there, and I am going to send it back.' I said, 'I won't accept it.' " This was notice to defendant that the return of such fruit would not be accepted, and relieved him from any further offers in that direction. Moreover, the

shaddock was conceded to be worthless, and a return to plaintiff would have served no useful purpose, and subsequently an offer to return all the fruit was also rejected.

The defendant is not chargeable with lack of due diligence in failing to examine all of the boxes at the time the sale was made. Plaintiff's counsel proved on cross-examination of defendant's buyer that it was not the custom of the trade, in buying fruit in bulk, to open every box purchased, and that the buyer in this case would not have been allowed to do so.

Judgment reversed. New trial ordered, with costs to the appellant to abide the event. All concur.