(45 Misc. Rep. 628)

ABEL v. MURPHY.

(Supreme Court, Appellate Term. December 7, 1904.)

1. SALES—DELIVERY OF GOODS—COMPLIANCE WITH ORDER.

Since shaddocks are not grape fruit for commercial purposes, a delivery of shaddocks is not a compliance with an order for grape fruit, notwithstanding the scientific relation between the two classes of fruit.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Bernard Abel against Michael H. Murphy. The action was for goods sold and delivered, and defendant set up a breach of warranty as a counterclaim. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and GIL-DERSLEEVE, JJ.

Henry V. Hart, for appellant.
Truax, Watson & Roberts, for respondent.

BISCHOFF, J. The issue was whether a delivery of cases of fruit known as "shaddocks" upon an order for grape fruit was a compliance with the order as to kind, thus concluding the matter of quality through acceptance, or whether the distinction went to the identity of the goods delivered with the goods ordered. It is apparent from the evidence—mainly the opinions of experts—that, while scientifically related, "shaddocks" were not grape fruit for commercial purposes, and there is, therefore, no reasonable basis upon the proof for a conclusion that the goods ordered were delivered, with a difference of quality merely. The scientific relation of these classes of fruit does not affect the fact that for the actual purposes of the transaction between the parties they were distinct in kind; and while the plaintiff, upon the trial, withdrew the admission that shaddocks were not grape fruit, and sought to prove the contrary, to meet the ground upon which a prior judgment was reversed by this court (Abel v. Murphy, 43 Misc. Rep. 648, 88 N. Y. Supp. 256), the evidence failed to establish that there was any substantial identity.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.