[Civ. No. 1575.   First Appellate District.—October 22, 1915.]

## JOHN D. SPRECKELS, Appellant, v. GRACE DARLING HOSPITAL ASSOCIATION, Respondent.

Pleading—Transacting Business Under Fictitious Name—Compliance With Code Requirements—Special Demurrer—Want of Capacity to Sue.—In an action for the recovery of money, where it appears on the face of the complaint that the plaintiff is transacting business under a fictitious name, the question as to whether he has complied with the provisions of sections 2466 and 2468 of the Civil Code relating to the filing and publishing of the certificate therein required, cannot be raised by special demurrer for uncertainty, but may be raised by special demurrer on the ground of want of legal capacity to sue.

Id.—Name not Fictitious—Sufficiency of Complaint.—In an action brought to recover for the agreed price of certain advertising published in the *San Francisco Call*, in accordance with a contract in writing which is set forth in the complaint, it is error to sustain a special demurrer thereto on the ground that the complaint showed that the plaintiff was transacting business under a fictitious name and that it did not appear therefrom that he had complied with the provisions of sections 2466 and 2468 of the Civil Code, where it is alleged that the plaintiff was the owner and proprietor of such newspaper, and that "W. W. Chapin," was his agent in the publication thereof, as neither the name of such newspaper nor its publisher is fictitious, and, therefore, no showing of compliance with such code sections was required.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    Marcel E. Cerf, Judge.

The facts are stated in the opinion of the court.

Arthur Crane, for Appellant.

Joseph J. Webb, for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of the defendant after an order sustaining its demurrer to the amended complaint, the plaintiff having refused to further amend.    The action is one brought to recover for the agreed price of certain advertising published in the *San Francisco Call,* in accordance with a contract in writing, which is set forth in the complaint; the plaintiff alleging that he was at the date of the filing thereof the owner and proprietor of the *San Francisco Call,* a morning newspaper; and that one W. W. Chapin was his agent in the publication thereof.    The advertising contract shows upon its face that it was made with the *"San Francisco Call,* W. W. Chapin, publisher,'' and is signed only by the defendant as the party to be charged.    The complaint further states that the plaintiff approved, ratified, and performed the portion of said contract to be performed by him, by printing and publishing the advertisement of the defendant in said newspaper for the specified time.    The same cause of action is also pleaded in a second count in the complaint in the form of the common count for services performed.

The defendant's demurrer is general and is also special upon the ground of uncertainty, and also upon the ground that the plaintiff has not the legal capacity to sue.    The point raised upon this special demurrer is that the complaint shows that the plaintiff is doing business under a fictitious name and that it does not appear therefrom that he has complied with the provisions of sections 2466 and 2468 of the Civil Code.    These are the sections of the Civil Code which provide that every person transacting business in this state under a fictitious name must file with the county clerk a certain certificate and publish the same for a specified length of time; and providing further that such person shall not maintain an action upon any contract made or transaction

had under such fictitious name, unless such filing has been done and such publication made.

It is conceded by the respondent that by the special demurrer on the ground of uncertainty the question of the plaintiff's compliance with these sections of the Civil Code cannot be raised; but the respondent insists, and we think correctly, that the question as to the plaintiff's want of legal capacity to sue may be raised by special demurrer on that ground, when the fact that he is doing business under a fictitious name within the meaning of these sections of the Civil Code appears upon the face of the complaint. (*Sweeney* v. *Stanford,* 67 Cal. 636, [8 Pac. 444].) The trial court sustained the special demurrer of the defendant upon this latter ground; and from its judgment made, in pursuance of the order sustaining such demurrer, the plaintiff has appealed.

We are of the opinion that the court was in error in sustaining the defendant's demurrer upon this ground. This is not a case where, in our view, the fact that the plaintiff is engaged in business under a fictitious name appears on the face of his complaint. The complaint affirmatively shows that the business in which the plaintiff is engaged is that of publisher of a newspaper known as the *San Francisco Call.* The name of this newspaper is not fictitious, but is as real as the name of a hotel or a building or a steamship, or any other medium of business or article of commerce, which, for convenience or of necessity, should have a particular designation. The complaint further affirmatively shows that the plaintiff is engaged in conducting the business of publishing said newspaper under the name of his agent, W. W. Chapin, who is the ostensible publisher thereof. The particular contract upon which the contract is based and which is set forth in full in the complaint, shows upon its face that W. W. Chapin is the publisher of said newspaper. It is not contended that the name of W. W. Chapin is fictitious; and this being so, it seems to be clear that the utmost which the complaint discloses is that the plaintiff is the owner and proprietor of said newspaper, and is engaged in the business of publishing the same under the name of W. W. Chapin, its ostensible publisher, and of whom the plaintiff is the undisclosed principal in such publication. This state of facts does not bring the plaintiff within the terms of sections 2466 and 2468 of the Civil Code; and it therefore follows that he was

not required to make any showing in his complaint as to whether or not he had complied with the terms of said sections of the code. It follows that the court was in error in sustaining the defendant's special demurrer upon this ground. We also think the complaint good as against the special demurrer, on the ground of uncertainty, and as against a general demurrer, and that the ruling of the court in sustaining the same upon these grounds was also error.

Judgment reversed with instruction to the trial court to overrule the demurrer and require the defendant to answer within the usual time.

Lennon, P. J., and Kerrigan, J., concurred.