[Civ. No. 1809.  First Appellate District.—December 30, 1916.]

CHARLES PAFF et al., Copartners, etc., Respondents, v. ADOLPH OTTINGER et al., Appellants.

ARCHITECTS' SERVICES—AUTHORITY OF PERSON CONTRACTING FOR OWNERS—SUFFICIENCY OF EVIDENCE.—In an action to recover a sum of money alleged to be due as architects' fees for the drawing of plans and specifications for a building to be erected upon the premises of the defendants, and for taking bids upon the same, the agency of the person who acted for the defendants in contracting for such services is sufficiently proven by evidence that such person was the agent of the defendants to get tenants for the building to be constructed on the premises, and that one of the defendants recognized the plaintiffs as his architects, and assured them that the erection of the building would be proceeded with in a short time.

ID.—LACK OF LEGAL CAPACITY TO SUE—REFUSAL TO PERMIT FILING OF AMENDED ANSWER—DISCRETION NOT ABUSED.—The refusal to allow the defendants to file an amended answer, wherein they allege for

the first time a lack of legal capacity in the plaintiffs to sue arising out of their alleged failure to comply with the provisions of sections 2466 and 2467 of the Civil Code, relating to the filing of certificates of partnerships, under fictitious names, is not an abuse of discretion, where such application was made upon the trial of the action, more than three years after the filing of the original answer.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   Franklin A. Griffin, Judge.

The facts are stated in the opinion of the court.

Leon Samuels, for Appellants.

George C. Sargent, for Respondents.

THE COURT.—This is an appeal from the judgment in the plaintiff's favor and from an order denying the defendants' motion for a new trial.

The action was brought to recover the sum of $1,154.80, alleged to be due as architects' fees for the drawing of plans and specifications for a building to be erected upon premises of the defendants, and for taking bids upon the same.

It was the contention of the defendants at the trial of the cause that whatever work the plaintiffs may have done in the premises was authorized and ordered, not by the defendants, but by one H. B. Peterson, whom the plaintiffs claim to have been an authorized agent of the defendants, but concerning whom defendants contend such relation of agency was not sufficiently proven.

The facts of the case upon which the plaintiffs relied for their recovery are substantially these: In the year 1907 the defendants were the holders under a long lease of a certain vacant lot in the city and county of San Francisco, upon which there was at the time a sign to the effect that they would build to suit a tenant, which sign bore the name "B. B. Peterson, Real Estate," and which, one of the defendants testified, had been placed there under the defendants' direction, and that said Peterson was their agent to get tenants for the building to be constructed upon the premises.   In the month of September, 1907, said Peterson came to the office of the plaintiffs and requested them to draw plans and specifi-

cations and superintend the construction of a class "C" building upon the defendants' said lot. Prior to said time said Peterson had ordered certain other plans of the plaintiffs for the defendants, and for which the latter had paid. Upon receiving this second order one of the plaintiffs, Mr. Paff, went to look at the lot and saw there the aforesaid sign. The plans and specifications were accordingly drawn, and when completed were delivered to Peterson, and were by him submitted to the defendants, who, according to Peterson's report to the plaintiffs, pronounced them satisfactory, whereupon the plans by the plaintiffs were submitted to contractors, and bids called for. These bids proved too high, and the plaintiffs were instructed by Peterson to revise their plans so as to provide for a frame building. This was done, and the revised plans again submitted to the defendants and to bidders. While these bids were being taken a contractor, whose name also was Peterson, presented to Mr. Paff a card of the defendant Ottinger, upon which was written a note signed by the latter and asking Paff to let this Mr. Peterson figure on the property. Later, Paff called upon Ottinger at the latter's office and found there a set of blue-prints of the building first designed and also of the frame building. Upon introducing himself Paff was greeted by Mr. Ottinger with the words, "Oh, yes; you are Mr. Paff, my architect." A conversation then ensued, in which Mr. Paff was assured that the erection of the building would be proceeded with "as soon as the neighborhood had cleared a little of the Greeks." Paff called again in September and reminded Ottinger that some time had elapsed since the plans were drawn, and asked for a payment on account of his fees, to which Ottinger replied that they were about to sublet, and that he would arrange that the plaintiffs should remain as architects and that the subtenants would pay for their services. The defendants finally refusing to pay the bill this action was brought.

The trial court found in plaintiff's favor from the foregoing facts and rendered its judgment accordingly.

The main contention of the appellants is that the case of the plaintiffs must rest upon proof of an actual agency in the said H. B. Peterson to make the contract for plaintiffs' services, and that neither the existence nor scope of such agency has been proven otherwise than by the self-serving declara-

tions of Peterson himself made at various times to the plaintiffs during the progress of their work, and testified to only by them; and that such an agency cannot be so proven. With the law quoted by the appellants in support of this contention the respondents have no quarrel, but they contend—and we think correctly—that the agency of Peterson has been established by sufficient evidence entirely outside of the statements by Peterson himself, and this having in our view of the testimony been so established, the statements of Peterson, as such agent, to the plaintiffs, in the course of their employment and services, would be admissible in evidence, and hence the objections which the defendants urged thereto would have been properly overruled.

The final contention of the appellants is that the trial court erred in its refusal to allow them to file an amended answer, wherein they allege, for the first time, a lack of legal capacity in the plaintiffs to sue arising out of their alleged failure to comply with the provisions of sections 2466 and 2467 of the Civil Code, relating to the filing of certificates of partnerships under fictitious names. These have always been held to be dilatory pleas, which are waived by the failure in the first instance to plead them; and we cannot say that the court abused its discretion in refusing leave to the defendants to amend their answer by making such a plea more than three years after their original answer had been filed, and while the trial of the cause was in progress.

Judgment and order affirmed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 26, 1917.