[Civ. No. 2573. First Appellate District, Division One.—January 15, 1919.]

## LOTTIE A. KOHLER, Respondent, v. CLARKE STEPHENSON et al., Appellants.

FICTITIOUS NAME—DEFENSE NOT SUSTAINED.—In an action by the owner of a laundry called the "Kohler Steam Laundry," to recover moneys collected by the defendants while in her employ as drivers, the special defense that the plaintiff was not entitled to maintain the action because she was doing business under a fictitious name without having complied with the provisions of sections 2466 and 2468 of the Civil Code, was not sustained, when it appeared from the record by the direct testimony of the plaintiff, and also from the face of the bills, receipts, and other printed matter used in the business, that the plaintiff personally conducted the business under her own name as the proprietor thereof.

APPEAL from a judgment of the Superior Court of Fresno County. H. Z. Austin, Judge. Affirmed.

The facts are stated in the opinion of the court.

Irvine P. Aten, R. G. Retallick and Geo. Cosgrave for Appellants.

Geo. G. Graham for Respondent.

RICHARDS, J.—This is an appeal from a judgment in the plaintiff's favor against both of the defendants for the sum of $475.95, money claimed by the plaintiff to have been collected by the defendants while in her employ as drivers in connection with a steam laundry operated by her and unaccounted for and unpaid to her. The defendants appear and defend separately, and each, in addition to his denials of the averments of the plaintiff's complaint, sets up as a separate defense that the plaintiff is not entitled to maintain the action, for the alleged reason that she was engaged in doing business under a fictitious name without having complied with provisions of sections 2466 and 2468 of the Civil Code. The defendant, Ivan Stephenson, also presented a cross-complaint alleging certain breaches of the agreement of employment on the plaintiff's part. Upon the trial, the court held against

the defendants upon their several defenses, and also against the defendant, Ivan Stephenson, upon his cross-complaint.

As to the special defense urged by the defendants upon the trial and insisted upon on the appeal, the facts are briefly these: The plaintiff is the owner of a steam laundry in the city of Fresno, which is called the "Kohler Steam Laundry," which the plaintiff personally conducts under her own name as the proprietor thereof. This appears from her own direct testimony and also from the face of the bills, receipts, and other printed matter made use of in the business of the laundry. The original arrangement by which the defendants came into the relation of drivers and collectors for some of the laundry routes was made with the defendant, Clarke Stephenson, by the plaintiff personally, but a memorandum thereof in writing was made out by said Clarke Stephenson, signed by him and handed to the bookkeeper of the laundry, who placed it among her files. This unilateral document begins as follows: "I, the undersigned, agree to stay with the Kohler Steam Laundry as driver for a period of one year from date, also to be responsible for all bills and credits allowed for laundry." It nowhere appears in this paper with whom this agreement was made, but the plaintiff testified and the said defendant did not deny that the actual agreement was made with the plaintiff personally.

This being the state of the record, we think it sufficiently appears, first, that the plaintiff was not doing business under a fictitious name, and second, that the agreement which forms the basis of this action was not made nor the transaction in question had under a fictitious name. (*Spreckels* v. *Grace etc. Assn.*, 28 Cal. App. 646, [153 Pac. 718].)

Upon the merits of this controversy we find that the evidence is sufficient to fully justify the findings of the court as to the liability of both defendants to the extent of the sum found to be due the plaintiff by said findings and the judgment of the trial court; and is also sufficient to have justified said court in its finding that there was no merit in the cross-complaint of the defendant Ivan Stephenson.

Judgment affirmed.

Waste, P. J., and Kerrigan, J., concurred.