[Civ. No. 3458.  First Appellate District, Division Two.—September 30, 1920.]

## CHESTER L. ROTHWELL et al., Appellants, v. LEON E. VAUGHN, Respondent.

[1] INJUNCTION—VIOLATION OF COVENANT IN BILL OF SALE—PRACTICE OF OPTOMETRY—INSUFFICIENCY OF EVIDENCE.—In this action to restrain defendant from practicing the business or profession of optometry in violation of a covenant contained in a bill of sale of his interest in an optical company, the judgment in favor of defendant is reversed for insufficiency of the evidence to support the findings.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Reversed.

The facts are stated in the opinion of the court.

L. B. Stanton for Appellants.

Irvin C. Louis and R. M. Blodget for Respondent.

NOURSE, J.—Plaintiffs appeal from a judgment in favor of defendant in an action brought to restrain defend-

ant from practicing the business or profession of optometry in the city of Los Angeles in violation of a covenant of the defendant contained in the bill of sale of his interest in a certain partnership known as the Cahn-Vaughn Optical Company. On September 12, 1917, Henry Cahn entered into an agreement to sell his three-fourths interest in said partnership business to the plaintiff Rothwell and covenanted to refrain from engaging in such business in the city of Los Angeles for a period of five years thereafter. It was also agreed that the defendant Vaughn, who owned a one-quarter interest in the business, should be continued as a partner with the purchaser. During the period of the option to sell contained in this agreement negotiations were had with defendant Vaughn whereby he agreed to sell his one-quarter interest in said business to plaintiff Rothwell and one John F. Rothwell for the sum of $1,371.48. On the 25th of October, 1917, Cahn executed and delivered his bill of sale for his three-quarter interest in the business, and on the same day defendant executed and delivered his bill of sale for his one-quarter interest in the business to the two Rothwells. In this bill of sale defendant covenanted with the purchasers that he would not enter into the business of optometry, except for the Rothwell Optical Company, in the city and in the county of Los Angeles for a period of five years thereafter. When the defendant entered the Cahn-Vaughn Optical Company he transferred to the partnership a large number of prescriptions, together with the good will of his business which he had theretofore been conducting in the city of Los Angeles. He continued actively in the business of the Cahn-Vaughn Optical Company so that at the time of the transfers in October, 1917, the company had upward of four thousand prescriptions of patrons on its files, all of which were included in the two bills of sale. On the same day that the transfers were made the two Rothwells made a contract with defendant whereby they agreed to employ him as an optometrist up to the 1st of September, 1918, at forty dollars per week. He continued in their employ up to the first day of April, 1918, when John F. Rothwell sold his interest in the business to the plaintiff Von Breton and the plaintiff Rothwell purchased an undivided one-half interest in the business of Von Breton. These two con-

tinued to operate the business at two separate places in the city of Los Angeles, one at 718 Broadway, the original location of the partnership business, the other at 404 South Broadway, the location of the business formerly owned by Von Breton. At this time the defendant was detailed to the store at 404 South Broadway, without any change in the manner of his employment, and continued to be so employed there up to the 30th of April, 1918, when, upon his own request, he was paid in full for his services, together with one month's pay in advance, and his employment ceased. Upon the last day, according to his own testimony, defendant approached the plaintiff Rothwell and asked to be relieved of his contract of employment, stating that he had an opportunity to engage in the same business in the city of Modesto and also at Oxnard. Acting upon this request, the plaintiff Rothwell canceled the contract of employment by tearing the signatures off both copies of the document. At the same time he informed defendant that he intended to retain the bill of sale containing the covenant which is the basis of this action, and carefully placed that document in his safe. Some suggestion was made by plaintiff Rothwell that defendant might obtain employment in the city of Pasadena or in the city of Long Beach, but nothing was said regarding his engaging in business in the city of Los Angeles and no suggestion was made by either party that the covenant contained in the bill of sale be waived or canceled.

Immediately thereafter, and on the sixth day of May, 1918, defendant entered into the business of optometry in his own name in the city of Los Angeles, advertised the fact in the Los Angeles papers, and circularized former patrons of the Cahn-Vaughn Optical Company to give him their business. The evidence shows conclusively that defendant was very successful in his new enterprise and obtained several of the former customers of the Cahn-Vaughn Optical Company as well as those of the plaintiffs.

[1] The appeal is based upon the ground that the evidence is insufficient to support the findings. Appellants attack substantially all the findings made by the trial court, but consideration need be given to those only wherein the most glaring error appears, as it is not likely that the

other errors complained of will occur upon a new trial of the case.

Finding two, to the effect that Cahn sold his interest in the Cahn-Vaughn Optical Company to the Rothwells on the 25th of September, 1917, rather than on the 25th of October, 1917, as alleged in the complaint, is not supported by the evidence. The instrument dated September 12, 1917, was merely an agreement or option to sell. The transfer did not take place until October 25, 1917, the same day upon which respondent sold his interest in the concern to the Rothwells, and without doubt the two transfers constituted one transaction—that is, the sale of the entire partnership interest to the Rothwells.

Finding four, which implies the dissolution of the Rothwell Optical Company and the formation of a new partnership known as the Von Breton-Rothwell Optical Company, has no support in the evidence. The partnership of John F. Rothwell and Chester L. Rothwell was dissolved by operation of law through the sale of the former's interest. (Sec. 2450, Civ. Code.) But as to the dissolution of the Rothwell Optical Company, that is to say, the discontinuance of the firm name, the only evidence in the record is that of Chester Rothwell. When asked when the Rothwell Optical Company was dissolved he answered: "It has never been dissolved; no. He [John F. Rothwell] simply sold his interest to Von Breton and Von Breton simply took it up where he dropped it." There is no evidence that the parties continued to do business under the name of Von Breton-Rothwell Optical Company or that a partnership of that name was ever formed. And if they did so, it would be wholly immaterial to the issues of the case. The respondent had covenanted with the two Rothwells that he would not engage in the same business in Los Angeles for his own benefit or for the benefit of any person or firm other than the Rothwell Optical Company. If this firm was dissolved, then respondent was not entitled to engage in the business in Los Angeles for anyone. Though the sale of the John Rothwell interest may not have conveyed the right to respondent's personal services under the employment contract, it certainly conveyed his rights under the covenant. In any event, Chester Rothwell, as one of the parties beneficially interested in the covenant, was en-

titled to enforce its obligation. He continued to pay respondent's salary after the sale to Von Breton and did nothing to indicate an intention to waive the obligation of the covenant.

Finding five, to the effect that it is not true that respondent has solicited or is soliciting the former patrons or customers of appellants, as successors of the said Cahn-Vaughn Optical Company, is in direct conflict with the evidence of the respondent. When asked, "Did you do any business with the old customers of the Cahn-Vaughn Optical Company?" he answered: "If such they be, I met different ones I had met at different places and gave them a card and sent them—some came in through the notice in the change of my address I put in the paper—I guess in probably three months I think a couple of dozen." Again, "When you went over to this place you sent out a circular letter to a number of them? A. Yes, sir; I went through the telephone-book and any place I could get names and sent out about four hundred."

Finding eight, to the effect that on or about the 1st of April, 1918, the Rothwell Optical Company and the respondent settled between themselves all claims or demands of any nature existing between them and then and there each released the other from any and all claims, demands, obligations, covenants, and conditions, is not supported by the evidence. In the first place, it is undisputed that respondent continued in the employ of the appellant Rothwell until the 30th of April, 1918, and that no transaction of any kind was had between them on the 1st of April. The evidence as to what occurred on the 30th of April is confined to the testimony of Chester L. Rothwell and respondent and is without substantial conflict. It is to the effect that on that date respondent came to Rothwell's office in response to a suggestion made by respondent over the telephone that he desired to terminate his employment and that he planned to enter into business either in the city of Modesto or Oxnard. Upon his own request Rothwell canceled the contract of employment by tearing off the signatures to both the original contract which he had in his possession and the copy which was presented to him for that purpose by respondent. No suggestion was made by respondent at

49 Cal. App.—28

that or any other time that the covenant contained in the bill of sale should be waived or canceled. In fact, according to his own testimony he did not request a release from the covenant and did not at any time suggest to Rothwell that he contemplated or might desire to enter into the business of an optometrist in the city of Los Angeles. He did testify that he handed his copy of the covenant to Rothwell with his employment contract, but that Rothwell returned it to him after canceling the employment contract and told him to keep it, as he intended to keep the original in his files. Respondent also testified that he did not at that time contemplate going in business for himself in Los Angeles and made no suggestion to Rothwell that he might do so.

Section 1698 of the Civil Code provides that "a contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise." But section 1699 of the same code provides that "the destruction or cancellation of a written contract, or of the signature of the parties liable thereon, *with intent to extinguish the obligation thereof,* extinguishes it as to all the parties consenting to the act." The latter method was adopted as to the contract of employment. Rothwell expressly stated that he intended to preserve the bill of sale with the covenant and at no time expressed any intention to extinguish the obligation thereof in writing or otherwise. It must be held, therefore, that the covenant was still in full force and effect.

As to finding nine, to the effect that the Rothwell Optical Company ceased to engage in business on the 1st of April, 1918, the evidence is plainly to the contrary, as has heretofore been pointed out. That portion of the finding which relates to the employment of respondent by Von Breton on March 1st finds no support in the evidence. That portion of this finding and of the one following relating to the failure of the parties to file with the county clerk of Los Angeles County a certificate of copartnership in accordance with section 2468 of the Civil Code is supported by the evidence and the admissions of counsel, but is wholly unrelated to any of the issues of the case. The covenant contained in the bill of sale was made in the name of Chester L. Rothwell and John F. Rothwell as individuals

"doing business under the firm name of Rothwell Optical Company." Respondent covenanted with these individuals that he would not for a period of five years thereafter engage in the business or profession of manufacturing optician or optometry for his own individual benefit, or for the benefit of any person, firm, or corporation other than said Rothwell Optical Company. The inhibitions of section 2468 run to the maintenance of an action upon or on account of "any contract or contracts made, or transactions had, under such fictitious name, or in their partnership name." As this contract was not made in the fictitious or partnership name, but was made in the individual names of the parties, it is clear that the section does not prohibit the parties maintaining an action of this nature. (*Spreckels* v. *Grace Darling Hosp. Assn.*, 28 Cal. App. 646, 648, [153 Pac. 718].)

In the argument, wholly inconsistent with their theory of the case in relation to this plea of abatement, counsel for respondent now insist that, inasmuch as the contract of employment was for personal services wherein respondent engaged himself in the employ of the two Rothwells, the sale by John F. Rothwell of his interest in the business to Von Breton *ipso facto* breached the contract. It is then argued that, as the contract of employment was made at the same time as the covenant, they constituted one entire agreement and the breach of the former relieved respondent from the obligation of the latter. But assuming that the two contracts created one agreement, it does not follow that they were not severable. Respondent accepted payment of his salary until June 1, 1918. His contract of employment had but three months to run. The covenant ran for four and a half years. The parties could very well agree to cancel the employment contract without affecting the obligation of the covenant. Thus, if the alleged breach of April 1st was waived by respondent accepting salary in accordance with the employment contract for two months thereafter, he could not assign the breach as an excuse for his repudiation of the covenant. His testimony is all to the effect that the employment was terminated solely upon his request as he felt he would do better for himself outside of Los Angeles. There was no suggestion that ap-

pellant Rothwell had breached his contract until after the litigation arose.

For these reasons the judgment must be reversed, and it is so ordered.

Langdon, P. J., and Brittain, J., concurred.