[Civ. No. 3866. Third Appellate District.—May 14, 1930.]

GEO. L. MESSICK et al., Respondents, v. HOUX BROS., INC. (a Corporation), Appellant.

S. J. Hankins and Hankins & Hankins for Appellant.

U. W. Brown and Harmon M. Albery for Respondents.

PARKER, J., *pro tem.*—This is an action to recover a balance alleged due for goods sold and delivered. The complaint is in two counts. The first count alleges a balance due plaintiffs on their own account and the second count is upon an assigned claim. Judgment went for plaintiffs on both counts and defendant appeals from the said judgment and the whole thereof.

Three points are raised by appellants, as follows: 1. That plaintiffs have no right to maintain the action by reason of their noncompliance with sections 2466 and 2468 of the Civil Code; 2. That the assignor of plaintiffs in the second cause of action likewise failed to comply with the same sections; 3. That there is no evidence to show an assignment of the claim sued upon in the second cause of action.

A consideration of these points requires some statement of the facts upon which the contentions of appellant predicate.

The complaint alleges that plaintiffs were at all times therein mentioned, and at the time of the commencement of the action, copartners doing business under the firm name of Messick & Kirkpatrick. The answer of defendant alleges that plaintiffs have not legal capacity to sue or maintain the action, in this, that said plaintiffs have not filed or published the certificate as required by sections 2466 and 2468 of the Civil Code. It will be noted, incidentally, that there is no denial of the allegation of the complaint that the plaintiffs were doing business under the firm name of Messick & Kirkpatrick. Sections 2466 and 2468 of the Civil Code are the sections regulating the use of fictitious names.

Generally, the sections provide that every partnership transacting business in this state under a fictitious name, or a designation not showing the names of the persons interested as partners in such business must file with the county clerk a certain certificate of detailed information and publish the same. A failure to so file and publish bars any suit upon a claim or account or transaction had until compliance with the statutory requirements. ▇ It has been held upon numerous occasions that a name such as ''Messick & Kirkpatrick'' is neither fictitious nor one failing to designate the partners. In the case of *Andrews* v. *Glick*, 205 Cal. 699 [272 Pac. 587, 588], it is said: ''It is definitely settled in this state that the usual form of partnership name consisting merely of the surnames of the partners, joined by '&' or 'and,' is not an assumed or fictitious name, or a designation not showing the names of the persons interested as partners.''

Therefore, it was not necessary that the parties herein named doing business as partners under the name of ''Messick & Kirkpatrick'' file any certificate pursuant to section 2466 of the Civil Code. ▇ However, appellant, conceding this, goes further and urges that the evidence discloses that the plaintiffs were doing business under the firm name of ''Messick & Kirkpatrick Co.,'' a designation which, under the cited cases, brings them clearly within the statute. On the threshold of our discussion on this contention we meet a question of pleading. In the case of *Bryant* v. *Wellbanks*, 88 Cal. App. 144 [263 Pac. 332], it is held that an objection to plaintiff's legal capacity to sue on the ground that he is doing business under a fictitious name and has not complied with sections 2466 and 2468 of the Civil Code must be taken by demurrer if the grounds for it appear on the face of the complaint or by answer if they do not; otherwise it is waived. Many authorities are cited and reviewed in the case of *Bryant* v. *Wellbanks, supra*. In *Cook* v. *Fowler*, 101 Cal. 89 [35 Pac. 431, 432], we find the language:

''There is but a single point made by appellant. It is that the complaint shows that plaintiffs were copartners under a designation not showing the names of the persons interested as partners, and that they have failed to aver or prove a compliance with the provisions of sections 2466 and 2468 of the Civil Code. . . . The point is not well taken.

The failure to make, file and publish the certificate in question is matter of defense, to be set up by defendants, and, not having been so taken, is waived."

In *Paff* v. *Ottinger*, 32 Cal. App. 439 [163 Pac. 230], and in a Dakota case, *Drake* v. *Great Northern Ry. Co.*, 24 S. D. 19 [123 N. W. 82, 84], we have further authority that a plea setting up the lack of plaintiff's capacity to sue by reason of a noncompliance with the Civil Code sections, here under discussion, is a dilatory plea and waived by a failure to plead it. With these authorities before us and mindful of the rule that pleas of this sort tend rather to obstruct than promote justice, let us examine the issues here.

█ As before stated, the plaintiffs alleged that they were partners doing business under the firm name of Messick and Kirkpatrick. Defendant in its answer did not deny this and, therefore, this allegation stood admitted. █ Defendant then set up by way of defense the plea that plaintiffs had failed to comply with the statute. Defendant in its answer did not allege that plaintiffs were doing business under any other name than Messick and Kirkpatrick. The issues, therefore, were confined to that one question, namely, whether or not plaintiffs had filed any certificate of the fact that they were doing business under that name. The trial court found and it was admitted that plaintiffs had filed no such certificate. Under the authorities hereinbefore cited such filing was not required. Whether or not plaintiffs had done business under some other name that was fictitious or which did not disclose the names of all the partners was a matter of defense that should have been pleaded and not being so pleaded was waived and therefore was without the issues. The trial court's finding was in full response to the issues and the conclusion of law that plaintiffs did not lack capacity to sue was correct. █ However, we may go further and meet the claim of appellant squarely without regard to pleading. It appears that some few years prior to the transactions sued upon the plaintiffs had incorporated their business under the name of "Messick & Kirkpatrick Co." A year or more prior to the transactions out of which this suit arose this corporation was dissolved in the manner provided by statute for the dissolution of private corporations. It was shown that after such dissolution and during the time in question here the plaintiffs did not change the

business name in the local telephone directory nor did they change the advertisement carried in such directory. It was further shown that after the dissolution the plaintiffs for some time used the stationery of the corporation in correspondence and in sending out bills, and that in some instances letters were signed in the corporate name by one of the clerical employees of the firm. Plaintiffs offered evidence showing that at no time since the dissolution of the corporation had they done business under any name other than Messick and Kirkpatrick. The explanation of plaintiffs was that a large supply of stationery had been on hand when the corporation was dissolved and it was used only through reasons of economy and that the matter of the telephone directory was just a neglect. There is not the slightest showing of any business ever having been done with defendant under the company name. As the entire burden rested upon the defendant it was incumbent on it to show that the contract sued upon was made by plaintiffs under the fictitious name or under a name not disclosing the names of all parties interested as partners, and we concede that the use of the suffix "Co." would bring plaintiffs within the statute. From the record before us we conclude that defendant has not sustained this burden. (*Kohler* v. *Stephenson,* 39 Cal. App. 374 [178 Pac. 970].)

We come now to the second cause of action. This rests upon a claim of one George Denny alleged to have been assigned to plaintiffs. Here, again, appellant urges the provisions of sections 2466 and 2468 of the Civil Code in that it claims that Denny, the assignor, has failed to comply with the provisions thereof and that, therefore, no suit can be maintained by the assignee. The facts are that George Denny conducted a meat market in a place called Princeton, located in Colusa County. He called his market "Princeton Meat Market." He had a sign on the shop indicating that name. All of his business, as disclosed by the record, was done under the name of George Denny. His billheads and stationery read as follows: "Princeton Meat Market, George Denny, Proprietor." Thus it will be seen that he comes clearly within the rule as announced in *Spreckels* v. *Grace Darling Hospital Assn.,* 28 Cal. App. 646 [153 Pac. 718]. In that case the court, speaking through Mr. Justice Richards, says:

"The complaint affirmatively shows that the business in which the plaintiff is engaged is that of publisher of a newspaper known as the San Francisco Call. The name of this newspaper is not fictitious, but is as real as the name of a hotel or a building or a steamship, or any other medium of business or article of commerce, which, for convenience or of necessity, should have a particular designation."

Paraphrasing the further language of the same case, the most that can be said here is that Denny is the owner of a meat market and is engaged in carrying on the business thereof, choosing for convenience to call his market "Princeton Meat Market." (See *Kohler* v. *Stephenson, supra.*)

On the authority of the cited cases, we hold that there is nothing in the statutes requiring that Denny, the assignor of plaintiffs, file any certificate as required by the sections of the Civil Code hereinbefore referred to.

The last point urged by appellant is that there is no proof of any assignment from Denny to the plaintiffs. It seems to be conceded by all parties that there was no formal proof offered as to the assignment. In other words, there is no evidence of any written or oral assignment which evidence goes expressly and directly to the assignment. Plaintiffs alleged the assignment. Defendant denied the assignment and denied that plaintiffs were the holders of the claim. The court finds the allegation of the assignment to be true. The absence of direct evidence leaves the record in an unfortunate condition. There can be no question but that proof of the assignment is essential to a recovery by the alleged assignee where the fact of assignment is put in issue by the pleadings. In 3 Cal. Jur., p. 305 et seq., many of the authorities are collected and a reference thereto will suffice.

It might appear that where the alleged assignor appeared to urge his claim on behalf of another that in itself would be *prima facie* evidence of the assignment. It might be expedient and relatively just to so hold. But such a holding would to some extent be speculative. When courts of appeal resort to psychological legerdemain to force a fact into a barren record it breaks down the law itself and can result in naught but disaster. In *Brown* v. *Curtis*, 128 Cal. 193 [60 Pac. 773, 774], we find this language:

"Respondent is correct in stating that the reason for requiring proof of the assignment is to protect the defend-

ant from any claim of the assignor, but it is not true, as claimed, that 'when the assignor takes the stand for the plaintiff and . . . the defendant admits a demand from the assignee, and notice from the assignor that he has assigned the claim to plaintiff, certainly the proof is sufficient to show an assignment.' Brown may not have had any assignment when he made the demand. Linville [the alleged assignor] may not have in fact assigned his claim when he wrote he had done so. It was incumbent upon Brown to establish his right to sue, and this necessitated proof of the assignment by which alone he had any such right. It was as necessary for Brown to prove this fact as it was to prove the indebtedness.''

The judgment in the case at bar provides that plaintiff have and recover of and from the defendant the sum of $2,591.85 (with interest) upon the first cause of action. This portion of the judgment is affirmed.

The judgment further provides that plaintiff have and recover of and from defendant upon the second cause of action the sum of $670.95. This portion of the judgment is reversed and the cause, to this extent, remanded, with directions to the trial court to reopen this phase of the case upon the sole issue of the assignment of the claim of Denny to plaintiffs, and if such proof is made, enter judgment in favor of the plaintiffs upon the second cause of action.

Plummer, Acting P. J., and Thompson (R. L.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 13, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 7, 1930.