[No. 9504.  In Bank. — November 12, 1887.]

L. A. PHILLIPS ET AL., RESPONDENTS, *v.* NATHAN GOLDTREE ET AL., DEFENDANTS.

PARTNERSHIP — DOING BUSINESS UNDER FICTITIOUS NAME — ACTION BY PARTNERS — FAILURE TO FILE PARTNERSHIP CERTIFICATE — OBJECTION HOW TAKEN. — In an action by partners doing business under a fictitious name, upon a contract made or a transaction had in their partnership name, the complaint, if sufficient in other respects, does not fail to state a cause of action merely because it contains no averment that a certificate of partnership had been filed by the plaintiffs, as required by section 2466 of the Civil Code. The objection that no such certificate had been filed is an objection to the legal capacity of the plaintiffs to sue, and must be taken by demurrer, if the grounds for it appear upon the face of the complaint, or by answer if they do not; otherwise the objection is waived.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of Department Two.

*Edward P. Cole, W. J. & E. Graves,* and *J. M. Wilcoxon,* for Appellants.

The complaint failed to state facts sufficient to constitute a cause of action, by reason of the failure to allege the filing of the certificate of partnership. This objection may be taken in the supreme court for the first time. (Civ. Code, secs. 2466–2468; *Sweeney* v. *Stanford,* 67 Cal. 635; *Rhoda* v. *Alameda County,* 52 Cal. 350; *People* v. *Jackson,* 24 Cal. 630; *Himmelman* v. *Danos,* 35 Cal. 447; *Dye* v. *Dye,* 11 Cal. 168; *Caldwell* v. *Ruddy,* 1 W. C. Rep. 295; *Rogers* v. *Shannon,* 52 Cal. 100; *MacDougall* v. *Maguire,* 35 Cal. 281; Code Civ. Proc., sec. 434.)

*J. R. Brandon,* for Respondents.

The complaint, if demurrable, is only so on the ground of legal incapacity to sue. (Code Civ. Proc., sec. 430, subd. 2.) The objection cannot be taken in the supreme court for the first time. (*Montifiori* v. *Engels,* 3 Cal. 434; *Hentsch* *Porter,* 10 Cal. 555; *Gale* v. *Tuolumne Water Co.,* 14 Cal. 25; *Chase* v. *Evoy,* 58 Cal. 348; *Wedel* v. *Herman,* 59 Cal. 507.)

The Court.— This case was heard and decided by Department Two. On petition of defendants, a hearing in Bank was ordered.

For reasons given in the Department opinion, the judgment is affirmed.

The following is the opinion of Department Two, above referred to, rendered on the fourteenth day of March, 1887:—

McFarland, J.—The complaint in this case avers that the plaintiffs, L. A. Phillips and A. Phillips, were and are partners, doing business under the firm name of Phillips Brothers; that defendants, also partners in business, received from one Souza $729.22 in money to the use of plaintiffs, which they promised to remit to

plaintiffs; that plaintiffs demanded said money of defendants, and that defendants refused to deliver the same. The answer denies all the averments of the complaint, and then, again averring the partnerships of plaintiffs and defendants as alleged in the complaint, sets up as a defense that the two firms formed a special copartnership for the purpose of buying, selling, and speculating in beans; that such speculation resulted in a loss of $4,731, all of which defendants paid; that plaintiffs owe defendants for one half of said loss, and that plaintiffs have not paid defendants any part thereof except said $729.22 sued for in this action, which should be credited on said beans account, and that defendants should have judgment for the balance. The issues thus made were fully litigated, and a large amount of evidence taken, and the court found and gave judgment for plaintiffs; but neither in the pleadings, nor in the evidence, nor in any part of the proceedings in the court below, did the defendants make, or in any way allude to, the point that plaintiffs had not filed the certificate of partnership required by section 2466 of the Civil Code, or had failed to aver such filing. The transcript on appeal shows nothing of such a point; but now in this court appellants for the first time make the point in their brief that the judgment should be reversed because there is no averment in the complaint that such certificate of partnership had been filed.

The Code of Civil Procedure, after stating the various grounds upon which a defendant may demur to a complaint, among which is want of legal capacity to sue, and stating also that when any of the matters enumerated as a ground of demurrer does not appear on the face of the complaint, the objection may be taken by answer, provides as follows:—

" SEC. 434.   If no objection be taken either by demurrer or answer, the defendant must be deemed to have waived the same, excepting only the objection to the jurisdiction

of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action."

As there is no objection here to the jurisdiction of the court, appellants' contention must rest upon the objection that the complaint does not state facts sufficient to constitute a cause of action. And this, in turn, rests upon the proposition that in a suit by partners doing business under a fictitious name there can be no sufficient statement of a cause of action without the statement that the certificate of partnership required by the Civil Code had been filed. But this latter proposition cannot be maintained. The only penalty attached by the code to a failure to file the certificate is the legal incapacity to maintain an action upon " any contracts made or transactions had in their partnership name." [*] (Sec. 2468.) There is no disability imposed to *make* contracts or to *have* transactions. They may own property, whether it consists of goods, wares, and merchandise, or choses in action. When the property consists of a cause of action, it may be assigned to a person laboring under no incapacity to sue, who may bring and maintain an action thereon. (*Cheney* v. *Newberry*, 67 Cal. 126.) But that could not be if the cause of action did not exist before the assignment. The assignment could impart no new virtue to the *thing itself*, although it would place it in hands which could use it. The cause of action is as complete before as after the assignment,—just as a book is as complete in the hands of a man entirely illiterate as after it has passed to one who can read it. If, therefore, in a suit brought by partners, the complaint is perfect in all other respects, there is no failure to " state facts sufficient to constitute a cause of action," merely because it contains no statement that a certificate of partnership had been filed. The objection which appellants here for the first time present is an objection to the legal capacity of plaintiffs to sue. But that objection must be taken by demurrer if the grounds for it appear

on the face of the complaint, or by answer if they do not. Otherwise it is waived. There seems to be no other tenable position to be taken on the question, and this court has substantially so held in *District No. 110* v. *Feck*, 60 Cal. 403, and *Mora* v. *Le Roy*, 58 Cal. 8.

Appellants rely mainly on the case of *Sweeney* v. *Stanford*, 67 Cal. 635. But the point did not arise in that case. There the complaint averred that plaintiffs had filed the certificate of partnership; this averment was denied in the answer, and upon the issue thus made, plaintiffs having failed to show a substantial compliance with the statute, the court held that the lower court should have granted a nonsuit. Reference is made in the opinion to *Byers* v. *Bourret*, 64 Cal. 73, in which case the defendants in their answer *averred* that plaintiffs had not filed the certificate of partnership, and the court expressly called the averment a plea " in the nature of a plea in abatement." And it has never yet been *decided* in any case, that without the issue having been made in any way in the lower court, it could be successfully suggested here for the first time that plaintiffs had not filed a certificate of partnership. And while there may be language used in the opinion rendered in the case of *Sweeney* v. *Stanford*, not necessary to its decision, which is somewhat favorable to appellant's views, the case *decides* nothing more than that *when the issue* of the filing of the certificate *is made in the court below* it becomes a vital issue to the plaintiffs. There is nothing, therefore, in that case, which precludes us from entertaining the views above expressed.

The only other point made by appellants, is that the evidence does not justify the findings. This point was not much pressed at the argument, and cannot be maintained.

Judgment and order affirmed.

SHARPSTEIN, J., concurred.

Thornton, J., concurring.—I concur in the judgment, on the ground that the failure to file the certificate required by section 2466 of the Civil Code was not set up by the answer. (*Sweeney* v. *Stanford*, 67 Cal. 635.) Such a defense must be specially pleaded, where, as in this case, there is no averment in the complaint in relation to the filing of the certificate. This is expressly ruled in the case above cited.