[No. 19220.  Department Two.—January 8, 1894.]

NEIL COOK ET AL., RESPONDENTS, v. TILMAN FOW-
LER ET AL., APPELLANTS.

PARTNERSHIP — FAILURE TO FILE CERTIFICATE — PLEADING—MATTER OF
DEFENSE—WAIVER.—The failure of a partnership, doing business under
a designation not showing the names of the persons interested as part-
ners, to make, file, and publish a certificate stating the names and place
of residence of the partners, as required by sections 2466 and 2468 of the
Civil Code, is a matter of defense to an action by the partnership to be
set up by the defendants, and if not so taken is waived, and cannot be
urged for the first time upon appeal.

APPEAL from a judgment of the Superior Court of
San Luis Obispo County.

The facts are stated in the opinion.

*Thomas Rhodes*, for Appellant.

The partnership averment clearly brings the plain-
tiffs within the rule applicable to partners doing busi-
ness under a designation, constituting a fictitious name.
(Civ. Code, secs. 2466, 2468.)

*Venable & Goodchild*, for Respondents.

The failure of plaintiffs to make or publish the part-
nership certificate required by law should have been set
up as matter of defense, and as it was not it cannot
now be advanced for the first time. (*Phillips* v. *Gold-
tree*, 74 Cal. 151; *Carlock* v. *Cagnacci*, 88 Cal. 600.)

SEARLS, C.—Defendants appeal from a final judgment
against them and in favor of plaintiffs for five hundred
and sixty-one dollars and seventy-five cents and costs
upon a promissory note made by defendants. There is
no statement or bill of exceptions.

There is but a single point made by appellant. It is
that the complaint shows that plaintiffs were copartners
under a designation not showing the names of the per-
sons interested as partners, and that they have failed to
aver or prove a compliance with the provisions of sec-

tions 2466 and 2468 of the Civil Code, by filing and publishing a certificate stating the names and place of residence of the copartners as therein provided.

The point is not well taken. The failure to make, file, and publish the certificate in question is matter of defense, to be set up by defendants, and, not having been so taken, is waived. (*Phillips* v. *Goldtree*, 74 Cal. 151; *Carlock* v. *Cagnacci*, 88 Cal. 600.)

The judgment appealed from should be affirmed.

VANCLIEF, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

DE HAVEN, J., MCFARLAND, J., FITZGERALD, J.