KEMBLE v. NATIONAL BANK OF RONDOUT.

(Supreme Court, Appellate Division, Third Department. May 4, 1904.)

1. BANKS—DEPOSITS—DISPUTE AS TO AMOUNT—EVIDENCE—RELEVANCY.
    On the question whether a bill presented to a bank was a $100 gold certificate or a $1,000 greenback, the fact that within an hour and a half of the time of the deposit the depositor had received a $1,000 greenback and a $500 gold certificate is relevant.

2. TRIALS—OBJECTION TO EVIDENCE—TIME OF MAKING.
    An objection to evidence, not made until after it has been received, is too late.

3. BANKS—DEPOSITS—DUTY OF DEPOSITOR—EXAMINATION OF PASSBOOK.
    A depositor is not bound to examine his bankbook to discover whether the officer receiving his deposit has blundered in counting the money deposited, for in such case any injury to the bank is the result of its own neglect, and cannot operate as an estoppel on the depositor.

4. SAME—ESTOPPEL—ABSENCE OF PREJUDICE.
    Conceding that it is the duty of a depositor to examine his bankbook to see whether the amount deposited has been properly entered, he is not estopped to controvert the entry as it appears in the book, unless the bank is shown to have been prejudiced by his neglect to make such examination.

5. SAME—ACTIONS—DEMAND—EVIDENCE.
    In an action against a bank to recover an amount of money claimed to have been deposited, evidence held sufficient to authorize the jury to find that plaintiff demanded the sum due.

6. APPEAL—ERRORS AVAILABLE—VARIANCE—FAILURE TO MAKE PROPER OBJECTION.
    Where evidence as to demand was not objected to on the ground that it was not the demand alleged in the complaint, and no motion was made at the end of the plaintiff's case or at the close of the evidence for a dismissal of the complaint on the ground that the demand proven was not the demand alleged, defendant was precluded from asking, on appeal, for

---

¶ 2. See Trial, vol. 46, Cent. Dig. §§ 183, 185.

a reversal of the judgment for plaintiff on the ground of variance between the allegation and proof of demand.

Parker, J., dissenting.

Appeal from Trial Term, Ulster County.

Action by William Kemble against the National Bank of Rondout. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Howard Chipp, for appellant.
John W. Searing, for respondent.

SMITH, J.   This appeal is upon the facts as well as upon the law. Upon July 1, 1902, the plaintiff claims to have deposited with the defendant a $1,000 bill. This the defendant denies, claiming that the bill deposited was a $100 bill, and not a $1,000 bill. These claims present the pivotal fact in the case, which has been disposed of by the jury in favor of the plaintiff.

Upon the trial was presented a square conflict of testimony. The plaintiff distinctly swears that the bill deposited was a $1,000 bill, while the defendant's teller who received the bill swears positively that it was a $100 bill. Evidence was given upon the part of the plaintiff to corroborate his story. It was shown where he received a $1,000 bill a short time before the deposit. Evidence was given on behalf of the defendant to corroborate the contention of the defendant's teller. Upon making the deposit, the deposit ticket was made out by the teller himself as a deposit of $100. Upon plaintiff asking for something to show for the deposit, the teller gave him a bankbook upon which was credited a deposit of $100. It was further shown that the cash balanced substantially upon that night, and other witnesses who had drawn out $100 or more in cash upon that day were sworn to the fact that they had received no $1,000 bill given to them as a $100 bill. Upon this conflict of testimony the jury has given credence to the plaintiff's version of the story, and we are not able to see that the evidence preponderates against their conclusion, or that the jury was actuated in reaching their conclusion by any other motive than a desire to ascertain the exact truth.

There were several rulings made during the progress of the trial upon which is based in part the claim of the defendant for a new trial. Upon the plaintiff's side of the case witnesses were sworn to the fact that within an hour and a half of the time of the deposit, in a business transaction, in a law office in the city of Kingston, the plaintiff received a $500 bill and a $1,000 bill. This was sworn to by several witnesses who were present, without objection on behalf of the defendant. Thereafter, Mr. Searing, the attorney, was called to the stand, and his evidence was received, over the objection and exception of the defendant, to the effect that one of the bills was a yellow bill and the other a green bill, the contention being on the part of the plaintiff that a $500 gold certificate was given and a $1,000 greenback, while on the part of the defendant the contention was that the bill presented at the bank was a $100 gold certificate. This evidence, admitted over the defendant's objection, is claimed to have been erroneously admitted.

To this we cannot agree. In Stephen's Digest of the Law of Evidence, a relevant fact is defined as one which renders probable or improbable the existence of the fact in issue. Upon the disputed question as to whether the bill presented to the bank was a $100 gold certificate or a $1,000 greenback, we think, within this definition, the fact that within an hour and a half of the time of the deposit the depositor had received a $1,000 greenback and a $500 gold certificate is relevant to the fact here in issue. Unless the evidence of the witness Searing tends to prove that one of the bills presented was a $1,000 bill, it is harmless in the case. If such be the tendency of the evidence, as it is urged in the appellant's brief, it is then legitimate evidence within the rule stated.

After having made the deposit, and upon the 12th day of July, 1902, the plaintiff drew two checks, one for $600 and one for $45, against the account. The $45 check was paid, and the $600 check was protested. The defendant objected to the introduction of the $600 check, and its objection was overruled, to which ruling an exception was taken. This ruling, also, is claimed to have vitiated this verdict. The objection was not made until after the evidence was received, and it may well have been overruled as coming too late.

This deposit was made upon the 1st day of July, 1902. A bankbook was thereupon given to the plaintiff as his receipt. Upon July 12th, upon receipt of the check for $600, the cashier of the bank telephoned to the plaintiff that he only had $100 in the bank. Thereupon the plaintiff went to the bank with his bankbook, and, opening it for the first time, discovered that the bankbook showed a deposit of $100 instead of $1,000. Upon these facts, at the close of the charge, the appellant's attorney asked the court to charge:

"That it was the duty of the plaintiff to look at his passbook when he received it, or within a reasonable time thereafter, and if the defendant's position was prejudiced by the neglect in that respect, then the plaintiff cannot recover. The Court: I decline to charge that. I leave that to the jury to determine. (Defendant excepted.)"

The apparent effect of the ruling of the court was to leave to the jury to determine whether it was the plaintiff's duty to look at his passbook when he received it, or within a reasonable time thereafter, as well as the question whether his failure so to examine his passbook had prejudiced the defendant. If the law imposes this duty upon the plaintiff in this case, the appellant contends that the court was in error in refusing to charge the request. Appellant strongly contends that the authorities establish the duty of a depositor to examine his bankbook within a reasonable time, that he may notify the bank of errors therein which might be cured by prompt action on the part of the bank, or which might prevent further losses by the bank. It cites in support of its contention the case of Leather Manufacturers' Bank v. Morgan, 117 U. S. 96, 6 Sup. Ct. 657, 29 L. Ed. 811, and the case of Critten v. Chemical National Bank, 171 N. Y. 220, 63 N. E. 969, 57 L. R. A. 529. Those were cases, however, where the bank had paid a series of forged checks, and it was there held that, inasmuch as the bank was liable to be deceived by skillful forgeries, there was a duty upon the part of the depositor to examine his vouchers when returned, in connection with

his checkbook, so as to ascertain if the checks paid were genuine or forged checks.   In this state the duty of the depositor, and the consequences of neglect of that duty, is well defined in the case last cited:   In that case the headnote in part reads:

"A bank depositor owes to the bank the duty of exercising reasonable care to verify returned vouchers by the record kept by him of the checks he has issued, for the purpose of detecting forgeries or alterations.  A depositor, by neglecting his duty in this respect, or by failing to discover and notify the bank of forgeries, does not, however, adopt raised checks as genuine and ratify their payment, or estop himself from asserting that they are forgeries;  his liability is limited to the damages sustained by the bank in consequence of such neglect.  A bank is not relieved from liability for raised checks, which it had paid before the account was balanced, by the failure of the depositor to subsequently discover the alterations, unless thereby the bank has lost an opportunity to obtain restitution.  A bank is, however, relieved from liability for raised checks, which it has paid after the account was balanced, by the negligence of the depositor in the examination of the returned vouchers and comparison with stubs of his checkbook, which would have disclosed the alteration and prevented the subsequent frauds, in the absence of negligence on the part of the bank in paying the checks."

It will thus be seen that the depositor is not estopped, provided the negligence on the part of the bank concurred to create the loss to the bank.   No authority is cited as holding, and I do not conceive that it can be the law, that a depositor is bound to examine his bankbook to discover whether the bank cashier has blundered in counting the money deposited.   In such case the loss to the bank is not innocently suffered, but is the direct result of its own gross neglect, in which case, within the authorities cited, the depositor can in no case be estopped.   If, however, it could be held that the plaintiff owed some duty to the bank to examine the bankbook to see whether the amount deposited had been properly entered, an estoppel cannot arise, unless upon the evidence the bank has been prejudiced by that neglect on the part of the plaintiff.   There is in this case no evidence whatever of any prejudice which would sustain a verdict of the jury based thereupon. It does not appear that any parties drawing from the bank on that day sums of $100 or more could not be found and their testimony not be secured.   The defendant should show prejudice before the plaintiff can be held estopped, and any verdict finding that the defendant had been prejudiced by the plaintiff's delay in this case could only be based upon speculation, in which a jury should not be allowed to indulge.

One other objection is urged to this judgment.   The complaint alleged a deposit by the plaintiff of the sum of $1,000, and (3):

"That upon the 22d day of July, 1902, the said sum of $1,000 remained in the hands of the defendant on deposit as aforesaid, and on that day plaintiff duly demanded from the defendant the repayment of said sum to him, but the defendant refused, and still refuses, to repay the same."

In the defendant's answer the deposit of the $1,000 is denied, and the second paragraph reads as follows:

"The defendant further denies that on the 22d day of July, 1902, or at any other time, the sum of $1,000, belonging to or deposited by or for the plaintiff, remained or was in the hands of this defendant on deposit, or otherwise, as alleged in the clause or paragraph of said complaint marked or numbered 3."

At the close of the charge, the defendant's counsel asked the court to charge—

"That the plaintiff, to sustain his action, must show a demand before suit of the exact amount of the balance in the bank, and that if the jury find that the plaintiff simply demanded $1,000, then he is not entitled to recover."

This the court charged. The appellant now contends that the evidence does not authorize a finding by the jury that any other sum was demanded than the sum of $1,000, while upon the conceded facts, as $45 had been paid, the amount due at the time of the demand was only $955. In this, however, we think the appellant is in error. The evidence of Mr. Brinnier, who was with the plaintiff at the time of the demand, is as follows:

"Mr. Thompson is the cashier of the bank. I told him that I had come down there in behalf of Dr. Kemble to get his money. I stated, 'I understand there is some dispute as to whether he deposited $100 or $1,000.' He said, 'Yes, we claim he only deposited $100. He had a small check on that.' I said he claimed he deposited $1,000, and I said, 'Of course, you can take the small check out, but the balance the doctor wants.' He refused to give it. He said, 'We wont pay it.'"

This evidence would seem to be sufficient to authorize the jury to find a demand of the sum due, to wit, the sum of $1,000, less the small check which had been paid. But it is claimed on the part of the appellant that, notwithstanding this evidence, the plaintiff is estopped by the record from claiming any further demand than the demand of $1,000, because of the allegations to this effect in the complaint, not denied by the answer. This contention would not be without force, were it not for the fact that the objection was not raised upon the trial. The evidence as to the demand was not objected to upon the ground that it was not the demand alleged in the complaint, nor was any motion made at the end of the plaintiff's case, or at the close of the evidence, for a dismissal of the complaint upon the ground that the demand proven was not the demand alleged in the complaint. If that objection had been made at that time, the plaintiff might have amended his pleading, and the failure of the defendant's counsel to call attention of the court to this fact by proper objection precludes it from asking this court for a reversal of the judgment upon that ground. As no other objections are urged, we see no reason for disturbing either the judgment or order appealed from.

Judgment and order affirmed, with costs. All concur, except PARKER, P. J., dissenting.