[Civ. No. 4104.  Second Appellate District, Division One.—November 5, 1924.]

R. H. ISOM et al., etc., Respondents, v. E. S. SHIELDS et al., Appellants.

[1] PARTNERSHIP—FICTITIOUS NAMES—FILING AND PUBLICATION OF CERTIFICATE—DEATH OF PARTNER—TIME—ABSENCE OF DEFAULT.— A partnership was not in default in the matter of compliance with sections 2466 and 2468 of the Civil Code, requiring the filing and

1. See 20 R. C. L. 922; 20 Cal. Jur. 704.

publishing of a certificate stating the names of the members of the partnership, etc., where, owing to the death of one of the partners within less than a month after the formation of the partnership, the partnership ceased to exist.

[2] Id.—Effect of Noncompliance With Sections 2466 and 2468, Civil Code.—The effect of noncompliance with sections 2466 and 2468 of the Civil Code is only that prosecution of an action by the delinquent partnership or its assignee is abated until the partnership shall file and publish the required certificate; and the rule has been so far extended that the partnership may meet the defense on this point by complying with the statute at any time before trial upon the issue.

[3] Id.—Cessation of Partnership—Absence of Default—Defense. Where a partnership never was in default in respect to complying with sections 2466 and 2468 of the Civil Code because one of its members died within less than a month after its formation, a debtor of such partnership may not invoke the provisions of said sections for the purpose of defeating payment of his just obligation.

[4] Sales—Liability of One of Defendants—Evidence.—In this action for goods sold and delivered, the evidence upon one of the counts stated in the complaint is insufficient to establish any liability of one of the defendants in connection with the sale of goods forming the basis of said count.

[5] Id.—Liability—Pleading—Estoppel.—In such action, an estoppel against one of the defendants (who had nothing to do with the goods sold to his codefendant) from claiming that he had no interest in the transaction set out in the complaint because of his joint answer and counterclaim by which he claimed jointly with his codefendant offsets to plaintiff's account and complaint, was not created where he, in his answer, separately from said counterclaim, had denied the allegations of the complaint relating to plaintiff's account; and this being so, a separate statement of a counterclaim did not create an estoppel, nor did it constitute an admission which would take the place of the evidence necessary to establish the plaintiff's cause of action.

(1) 30 Cyc., p. 420.   (2) 30 Cyc., p. 420.   (3) 30 Cyc., p. 420.
(4) 30 Cyc., p. 591.   (5) 34 Cyc., p. 760.

APPEAL from a judgment of the Superior Court of San Diego County. S. M. Marsh, Judge. Affirmed in part; reversed in part.

2.  See 20 Cal. Jur. 710.
5.  See 21 R. C. L. 478.

The facts are stated in the opinion of the court.

Dwight D. Bell for Appellants.

Ault & Anderson and George H. Stone for Respondent.

CONREY, P. J.—In the first count of the complaint the plaintiff stated a cause of action for merchandise sold and delivered to the defendants, in part by the plaintiff and in part by the plaintiff's assignor, the Pioneer Transfer and Storage Company. On this cause of action judgment was rendered in favor of the plaintiff in the sum of $82.35. [1] The only point urged by appellants in connection with this cause of action is that the action should abate because plaintiff's assignor, the Pioneer Transfer and Storage Company, never complied with sections 2466 and 2468 of the Civil Code, by filing and publishing, as required by those sections, a certificate stating the names of the members of the partnership, etc.

Section 2468 requires that the certificate be filed and the required publication be made within one month after the commencement of the business, or after the formation of the partnership, or within one month from the time designated in the agreement of its members for the commencement of the partnership. The partnership in question was formed on the first day of April, 1917, its members being R. H. Isom and A. W. Johnson. Johnson died on the twenty-fifth day of that month, and, therefore, within less than one month after the partnership was formed. Isom, as surviving partner, then took charge of the business, and in that capacity assigned the account against defendants to a new partnership, which is the plaintiff in this case. The plaintiff Pioneer Transfer Company did file and publish a certificate of partnership as required by the statute.

Section 2468 of the Civil Code provides, among other things, as follows: "No person doing business under a fictitious name, or his assignee or assignees, nor any persons doing business as partners contrary to the provisions of this article, or their assignee or assignees, shall maintain any action upon or on account of any contract or contracts made, or transactions had under such fictitious name, or their

partnership name, in any court of this state until the certificate has been filed and the publication has been made as herein required.'' The requirement of section 2466 is that such certificate shall be filed by the partnership. Manifestly, in this instance, the partnership having ceased to exist, it could not comply with this requirement after April 25, 1917. As the time allowed by the statute had not expired when the partnership ceased to exist, it never was in default in the matter of compliance with the law.

[2] The effect of noncompliance with this statute is only that prosecution of an action by the delinquent partnership or its assignee is abated until the partnership shall file and publish the required certificate. The rule has been so far extended that the partnership may meet the defense on this point by complying with the statute at any time before trial upon the issue. (*Rudneck* v. *Southern California M. & R. Co.*, 184 Cal. 274, 282 [193 Pac. 775].) [3] In view of the intention of the statute as defined in the cited decision, we are of the opinion that in a case like the present, where the partnership never was in default, and where by the death of one of its members the partnership ceased to exist, a debtor of such partnership may not invoke the provisions of said Civil Code sections for the purpose of defeating payment of his just obligation. Moreover, on examining the items of the account and the dates of the charges and credits thereof, it appears that the sums paid on account were more than sufficient to include payment of all those parts of the account which were for goods sold by the partnership of which the said A. W. Johnson was a member.

The second count of the complaint states a cause of action for goods sold and delivered by one Beyers to the defendants. Beyers subsequently assigned his claim to the plaintiff. As against the defendant E. S. Shields, the judgment in favor of the plaintiffs on this cause of action appears to be correct. [4] The argument in support of the appeal against this part of the judgment goes only to the extent of contending that the evidence is insufficient to establish any liability of the defendant R. P. Shields in connection with the Beyers transaction. Respecting this matter, we are of the opinion that the contention of appellant R. P. Shields should be sustained. There is no evidence

that the defendants were in partnership, or that they were joint purchasers of the hay sold by Mr. Beyers. The account of Beyers as shown by the original bill was a charge against E. S. Shields alone. According to the uncontradicted testimony of R. P. Shields, he did not have anything to do with and did not order any of the hay sold by Beyers, and the bill therefor was never sent to him, and he was not associated in any way with E. S. Shields in carrying on the work in connection with which that hay was furnished. According to the same uncontradicted testimony, he never agreed to pay for that hay. [5] The court in rendering its decision conceded that this was true, but determined (Finding X) that R. P. Shields was estopped from claiming that he had no interest in the transactions set out in plaintiff's complaint ''because of his joint answer and counterclaim by which he claims jointly with the defendant, E. S. Shields, offsets to plaintiff's account and complaint.'' But the defendant R. P. Shields in his answer, separately from said counterclaim, had denied the allegations of the complaint relating to the Beyers account. This being so, a separate statement of a counterclaim did not create an estoppel, nor did it constitute an admission which would take the place of the evidence necessary to establish the plaintiff's cause of action. (*McCully* v. *McArthur,* 187 Cal. 194, 205 [201 Pac. 323] ; *Calexico Lumber Co.* v. *Emerson,* 54 Cal. App. 239 [201 Pac. 612].)

That part of the judgment which provides that the plaintiffs recover from the defendants the sum of $82.35 on the first cause of action is affirmed. The entire judgment as against the defendant E. S. Shields is affirmed. All that part of the judgment against R. P. Shields other than such judgment against him in the sum of $82.35 is reversed.

Houser, J., and Curtis, J., concurred.