[Civ. No. 5873.   First Appellate District, Division One.—December 31,  1927.]

A. J. BRYANT, Respondent, v. WEBSTER WELLBANKS, Appellant.

J. J. Dunne, Brann, Van Duyn, Boekel & Rowe and Edgar H. Rowe, Jr., for Appellant.

George L. Stewart for Respondent.

PARKER, J., *pro tem.*—This is an appeal by defendant from a judgment rendered in favor of plaintiff, and there is brought for review the order of the trial court denying defendant's motion for a new trial.

The facts will be given hereinafter as the grounds of appeal are considered.

The original complaint was filed on June 5, 1923, alleging that A. J. Bryant, doing business under the name of Bryant Produce Company, shipped certain tomatoes to Webster Wellbanks and W. P. Day, doing business under the firm name of Wellbanks & Co., for which no accounting was had, and alleging further the indebtedness of defendants therefor. On June 14, 1924, plaintiff filed an amended complaint, in which he alleged, in addition to the allegations in the original complaint, that the defendant Webster Wellbanks was doing business under the firm name of Wellbanks & Co., and that said name was and is a fictitious name. In this amended complaint plaintiff added a second cause of action, namely, for money had and received. In the amended complaint the caption was changed accordingly, and Webster Wellbanks was also joined as an individual defendant. On January 17, 1925, plaintiff filed a second amended complaint, with no change in caption or new parties brought in. In this second amended complaint plaintiff set up the same cause of action as in the preceding complaints, with the addition of a cause of action on an open book account. In each case the demand was for the same amount. Plaintiff in this second amended complaint alleged that the tomatoes in question were shipped to defendant by Bryant Produce Company, which was a copartnership composed of A. J. Bryant and Leon Kasonier; that said firm had been dissolved and that plaintiff Bryant was the owner of all of the assets of said firm through assignment from the former partner, Leon Kasonier, including the claim sued on. The second amended complaint was filed by leave of court after due notice to defendant and a hearing.

Defendant's demurrer to the second amended complaint having been overruled, answer was filed and issues joined and trial had.

■ Appellant here contends that the court's action in allowing the filing of this second amended complaint was error justifying a reversal of the judgment. It is appellant's contention that it was a clear abuse of discretion to allow such amendments after the lapse of time from the filing of the original complaint, namely, one year and a half; and appellant further contends that the amendment as made was actually the substitution of a new cause of action. Nowhere throughout the lengthy and detailed brief of appellant on this point does he specify or urge any harm resulting to him by reason of the amendments allowed. In the absence of some claim that injustice or hardship resulted from the court's action we do not feel that any abuse of discretion can be shown.

■ As to the second amended complaint substituting a new cause of action the record cited discloses that at all times the cause of action remained the same. The only difference apparent is that the defendant, originally sued as doing business with another, is in the later pleadings named as conducting his individual business under a company name, and the further difference that plaintiff in his original complaint set forth that the tomatoes were shipped to defendant by himself, while in the last amended complaint it is alleged that the shipment was made by a firm of which plaintiff was a member and the claim for payment subsequently assigned to plaintiff. Throughout the entire file of pleadings it appears that there was but one cause of action, wherein plaintiff alleged an indebtedness of defendant arising out of a shipment of tomatoes. Whether the cause of action was originally in plaintiff or whether it had been assigned to him would not materially alter the cause of action itself nor change the defense thereto.

As was stated in *Union Lumber Co.* v. *Schouten & Co.*, 25 Cal. App. 83 [142 Pac. 911] : "As both complaints were for the recovery of the price of the same lot of goods, the action itself, irrespective of the theory on which the right to recover is based, must be regarded as commenced when the original complaint was filed."

A leading case on the subject of permitting amendments is *Frost* v. *Witter*, 132 Cal. 422 [84 Am. St. Rep. 53, 64 Pac. 705]. Many cases are therein reviewed and the rule

approved that where the cause of action set up in the original complaint and that set up in the amended complaint was simply the obligation sought to be enforced—that is to say, the obligation to pay the money agreed to be paid—and the only change that took place was in the remedy by which it was sought to enforce the obligation, there was no change in the cause of action. In this case we find this language: "An action is nothing else than the right or power of prosecuting in a judicial proceeding what is owed to one, which is but to say, an obligation. The action, therefore, springs from the obligation, and hence the cause of action is simply the obligation."

In *Rabe* v. *Western Union Tel. Co.*, 198 Cal. 290 [244 Pac. 1077], an amendment was permitted making additional heirs parties plaintiff in an action for wrongful death. The court says, at page 300: "There is no merit in the contention that the amendment would have substituted a new and distinct cause of action for the one pleaded. This contention has been set at rest by many decisions of this state," citing *Frost* v. *Witter, supra.* See, also, *Oberkotter* v. *Woolman,* 187 Cal. 505 [202 Pac. 669].

In the case of *Doolittle* v. *McConnell,* 178 Cal. 697 [174 Pac. 305], the court again goes into the question of amendments at great length, and approves the rule of *Frost* v. *Witter,* and goes even beyond the liberality therein allowed, saying: "An amendment which changes the alleged date of a contract, or the sum to be paid, or any particular of the matter to be performed, or the time or manner of performance, changes in one sense the cause of action, but it is not in this sense that the rule is to be understood. Amendments of that character, so long as the identity of the matter upon which the action is founded is preserved, are admissible. So long as the form of action is not changed, and the court can see that the identity of the cause of action is preserved, the particular allegations of the declaration may be changed, and others superadded, in order to cure imperfections and mistakes in the manner of stating plaintiff's case." See, also, California Jurisprudence, volume 21, page 200.

In the instant case the change wrought by the amendments made no material difference. The one cause of action was to recover from defendant the price of two carloads of toma-

toes. At the outset plaintiff alleged, as stated, shipment to have been made by himself to defendant and one Day as partners doing business under the name of Wellbanks & Co. By the amendments he alleged that the original shipment was by a firm comprised of plaintiff and another person, and that the cause of action was assigned to plaintiff, and further changing the allegation concerning defendant so as finally to allege that defendant Wellbanks alone does business under the name of Wellbanks & Co. Under the amended pleading defendant was allowed any set-off he might have had against the assignor as well as against plaintiff, and at the trial it was admitted that defendant Wellbanks alone constituted Wellbanks & Co. A successful defense to the amended pleading would have been a bar to any claim urged by plaintiff or his assignors.

As hereinbefore noted defendant filed his answer and joined issue on the second amended complaint, denying specifically the allegations thereof, and a full and complete inquiry was had into all of the issues presented. In the answer filed it was not denied that the claim was originally in plaintiff and his then partner, nor was it denied that the claim had been duly assigned and transferred to plaintiff. Therefore we hold that the action of the trial court in permitting the amended complaints to be filed was not erroneous and affords no ground for reversal of the judgment.

The appellant argues that the plaintiff respondent has no legal capacity to sue herein. The facts pertinent to this inquiry are as follows: In February, 1922, at the time of the transaction involved here, A. J. Bryant and one Leon Kasonier were partners doing business in the state under the name of Bryant Produce Co., which name and designation was fictitious within the meaning of sections 2466–2468 of the Civil Code. These two partners thus doing business had never filed in any of the counties of this state any certificate as by these sections required. In July of 1922 the partnership of Bryant and Kasonier was dissolved, and upon the said dissolution Kasonier assigned to Bryant all of Kasonier's interest, right, and title in and to the assets of Bryant Produce Co., including the claim of the said partnership against defendant Wellbanks. A. J. Bryant there-

after continued to do business, and prior to the first trial of this action complied with the provisions of sections 2466–2468 of the Civil Code, and ever since has been doing business under the name Bryant Produce Co. Appellant contends that inasmuch as the persons originally doing business under the fictitious name of Bryant Produce Co. had filed no certificate as required by the sections cited, no action can be maintained on the claim.

Section 2468 provides: "No person doing business under a fictitious name, or his assignee or assignees, nor any persons doing business as partners contrary to the provisions of this article, or their assignee or assignees, shall maintain any action upon or on account of any contract or contracts made or transactions had under such fictitious name, or their partnership name, in any court of this state, until the certificate has been filed and the publication has been made as herein required." It is contended that this present plaintiff, being in effect the assignee of the defaulting partnership, cannot maintain the present action upon or on account of any contracts made under the fictitious name.

Sections 2466 et seq. of the Civil Code have been before the court in many cases, and the effect and scope of said sections are now rather definitely settled.

In *Rudneck* v. *Southern California M. & R. Co.*, 184 Cal. 274 [193 Pac. 775], it is said: "The fact, if it be a fact, that publication has not been made, is but matter of abatement. This is now settled."

Without citation of authority other than this one case it is indisputable that the code sections referred to place no restriction on the capacity to contract; in other words, a person or persons doing business under a fictitious name may freely contract without restraint, and as against him or them such contracts may be enforced, the statute withholding, however, the right from him or them to enforce these contracts in cases of failure of compliance with the statutory terms, and even then only when the default or delinquency is urged. The only penalty for noncompliance with the statute is that an action cannot be maintained until compliance is had. It is sufficient if there be compliance with the statute at any time before trial (*Rudneck* v. *Southern Cal. M. & R. Co.*, 184 Cal. 274 [193 Pac. 775]; *Good-*

*man* v. *Anglo-California Trust Co.*, 62 Cal. App. 702 [217 Pac. 1078]). In *Roullard* v. *Gray*, 38 Cal. App. 79 [175 Pac. 479], it was held sufficient compliance with the statute if the acts required occurred before the motion for nonsuit was filed.

In *Vance* v. *Gilbert*, 178 Cal. 578 [174 Pac. 43], it is said: "The only penalty of a failure (to comply with the requirements of sections 2466 et seq., Civil Code), is that such a partnership cannot maintain an action until it has complied with those sections."

In *Phillips* v. *Goldtree*, 74 Cal. 154 [13 Pac. 314], the court says: "The only penalty attached by the code to a failure to file the certificate is the legal incapacity to maintain an action upon 'any contracts made or transactions had in their partnership name.' There is no disability imposed to *make* contracts or to *have* transactions."

In 45 A. L. R., commencing at page 198, is found an exhaustive annotation on the subject of "Fictitious Name" and the decisions of many states are digested and compared. The California rule follows the great weight of authority, which announced the doctrine that a failure to file the certificate required by statute does not invalidate the contract or other transaction, or destroy the right of action, but operates only upon the remedy, and then only until the requirements have been met.

It will thus be noted that the contention of the appellant here to the effect that the contract with Bryant and Kasonier was a void and illegal contract by reason of the failure of the partners to file the certificate required by law cannot be sustained.

The contract itself, then, being a valid binding contract, a chose in action, was assignable and transferable without any peculiar restriction of any kind. The sections of the Civil Code as amended in 1911 require the filing of the certificate before any action may be maintained by an assignee. Prior to the amendment it was settled law in this state that notwithstanding the failure of any partnership in respect of filing the required certificate, the penalty was so far personal as not to affect suit by an assignee of the claim or demand. So, therefore, in the instant case we have a legal binding claim in the hands of an assignee whose

assignor was in partnership doing business within the statutes and neglecting to comply with the terms thereof.

But before we apply the rule to the facts of the present case there is one other point which must be considered.

█ The law appears to be that, in an action by an individual or partnership, within the statutes, compliance with statutory provisions relating to the doing of business under assumed or fictitious names, or designations not showing the names of the partners, need not be alleged by the plaintiff, but that noncompliance is a matter of defense, and that objection to the legal capacity of the plaintiff to sue based on this ground must be raised in some appropriate way, as by demurrer if the incapacity appears on the face of the complaint or petition, or by answer or plea in abatement, or the objection will be deemed to be waived (Annotation, 45 A. L. R. 270). █ The objection must be taken by demurrer if the grounds for it appear on the face of the complaint, or by answer if they do not. Otherwise it is waived. There seems to be no other tenable position to be taken on the question, and this court has substantially so held in *Mora* v. *Leroy,* 58 Cal. 8, and *Swamp & Overflowed Land Dist. No. 110* v. *Feek,* 60 Cal. 403. (*Phillips* v. *Goldtree,* 74 Cal. 151, 155 [13 Pac. 313, 15 Pac. 451].)

In *Holden* v. *Mensinger,* 175 Cal. 300 [165 Pac. 950], the complaint on its face showed that the copartners were doing business under a fictitious name, and the complaint itself did not aver a compliance with sections 2466 and 2468 of the Civil Code, and appellants contended that an averment of such compliance was necessary when upon the face of the pleading the fictitious name of the partnership appears. The court said, "But the cases cited do not decide, nor does any other case decide, as appellant contends, that this omission is a 'fatal defect.' The omission merely subjects the complaint to the special defense of a plea in abatement."

In *Cook* v. *Fowler,* 101 Cal. 89 [35 Pac. 431], it is said: "There is but one single point made by appellant. It is that the complaint shows that plaintiffs were copartners under a designation not showing the names of the persons interested as partners, and that they have failed to aver or prove a compliance with the provisions of sections 2466–2468, Civil

Code. The point is not well taken. The failure to make, file and publish the certificate in question is matter of defense, to be set up by defendants, and not having been so taken is waived.''

In *Paff* v. *Ottinger*, 32 Cal. App. 442 [163 Pac. 231], appears this language: ''The final contention of the appellants is that the trial court erred in its refusal to allow them to file an amended answer, wherein they allege for the first time a lack of legal capacity in plaintiffs to sue arising out of their alleged failure to comply with section 2466 et seq., Civil Code, relating to the filing of certificates of partnership under fictitious names. These have always been held to be dilatory pleas, which are waived by the failure in the first instance to plead them.''

In a Dakota case, *Drake* v. *Great Northern Ry. Co.*, 24 S. D. 19 [123 N. W. 84], following the general authority, this is the court's language anent a plea setting up the defense of a failure to comply with a similar statute: ''Conceding, therefore, that a court would have the right upon proper application to relieve a party from the effect of such a waiver upon good cause shown, it could hardly be contended that an amendment such as we find in the case at bar would be a furtherance of justice. While there are certain pleas in abatement which should be looked on with favor, because, though interposed at a late hour, they may tend to the reaching of exact justice, yet it must be conceded, we think, that in a case of this kind, where the question in abatement goes to the right of plaintiffs to bring suit because they have not complied with some statutory provision unknown to the common law, and the compliance with which in no manner affects the justice of the cause of action, the trial court would clearly have abused its discretion in allowing such a plea.''

■ In the present case the action is brought by an assignee of a partnership. We can conceive of no good reason why a different rule should apply than in an action brought by the original partnership. The defense is the same in either case and is met by the same proof. The assignee stands in the place of his assignor, and compliance with the statute even after suit brought may be effectual

in the case of an assignee (*Henning* v. *Clark,* 46 Cal. App. 552 [189 Pac. 714]).

Summing up, then, we have here a valid, legal, unpaid demand due to a partnership which has failed to comply with the required provisions as to doing business under a designation not disclosing the names of all of the members of the partnership. The claim is assigned and the assignee brings suit to enforce the same. The assignee alleges the existence of the prior assigning copartnership and the obligation due thereto from the defendant, and then alleges the assignment to plaintiff. Defendant by answer does not deny the existence of the partnership nor does he deny the assignment. In the answer of defendant he raises no objection and tenders no issue as to compliance or noncompliance with the statute by Bryant and Kasonier doing business under the name of Bryant Produce Co.

Plaintiff, as heretofore detailed, after the dissolution of the prior partnership, did continue to do business individually under the name and designation "Bryant Produce Co.," and alleged that fact in his complaint, together with the allegation of compliance with sections 2466–2468 of the Civil Code. The answer is as follows: "Defendants deny that the *above-named plaintiff* at any of the times in said second amended complaint mentioned duly, or otherwise or at all, whether individually or in association with, or for, any other person, business association or company, complied with the provisions of sections 2466 and 2468 of the Civil Code of the state of California, nor did any other person, individual, business association or company in association *with or for said plaintiff* so comply with the provisions mentioned." Then by way of a further, separate, distinct, and independent defense, "defendants allege, state and show that said plaintiff has no legal capacity to sue herein or to maintain the present action; and in this behalf these defendants allege and show that at none of the times in said second amended complaint mentioned, and or more particularly prior to, during and or after February, 1922, and or more particularly at the time of the commencement of the present action, and thereafter, *said plaintiff,* whether individually or in association with, or for, any other person, business association or company, wholly failed and neglected

to comply with the provisions of sections 2466 and 2468 of the Civil Code, nor did any other person, individual, business association or company in association with or for said plaintiff so comply with said provisions.'' Thus it appears that the only defense urged was as to the capacity of plaintiff and the compliance by plaintiff with the provisions cited.

On this issue the court found that plaintiff A. J. Bryant, prior to the first trial of the action, complied with the provisions of sections 2466–2468 of the Civil Code of California, and ever since has been doing business under the fictitious name of ''Bryant Produce Co.'' This finding is amply supported by the evidence, and answers all the issues raised in the pleadings.

We conclude that the capacity of plaintiff's assignors was not before the court by appropriate pleading, and the defense, not being pleaded, was waived.

While we are content to thus dispose of appellant's point it does not follow that we hold that the filing of the certificate by plaintiff herein was in itself insufficient. The exact question has never arisen in this state or elsewhere as far as our research discloses. Upon analysis of the present situation it may be doubted whether a surviving partner, taking over the assets of a firm through purchase of the retiring partner's interest, is an assignee of the firm. In this case Bryant as a partner of Kasonier took by purchase and transfer simply the interest of the latter, he, Bryant, already owning one-half. Therefore, if he held the claim of Bryant and Kasonier partly as original owner it is clear he has sufficient personal and individual right to exclude him from the classification of an assignee, and to that extent at least he would be holding the claim still in the capacity of one doing business under the name chosen to designate the original partnership, and his compliance with the statute even at a later date would be sufficient. On this point there is a strong analogy presented in the case of *Henning* v. *Clark*, 46 Cal. App. 551 [189 Pac. 714], where a firm upon dissolution vested a claim in one of the former partners, and the court permitted compliance with the statute even after dissolution, though the certificate filed did show the names of the original partners.

In *Isom* v. *Shields*, 69 Cal. App. 517 [231 Pac. 587], the partnership had been dissolved by the death of a partner, and prior to the dissolution there had been no compliance with the statute. The court there approved an assignment by the surviving partner, but it appeared that the partnership had been dissolved within thirty days of its formation, and therefore under the code it was not in default in compliance. The code provided, section 2468, that the certificate must be filed within thirty days after commencement of the business.

Appellant next contends that the evidence is insufficient to support the findings or the judgment based thereon. On this point we find a real conflict in the evidence, and with this discovery our search ends. Very little evidence was offered by either side. Defendant offered nothing concerning the transaction involved other than that he was called as a witness by plaintiff under section 2055 of the Code of Civil Procedure. The plaintiff claimed that he had sold certain goods to defendant, and defendant, admitting receipt of the goods, claimed that he had purchased them from a third party, and that plaintiff had no interest in the transaction or in the goods delivered. There is ample evidence to support the court's finding in favor of plaintiff.

Lastly defendant complains of certain of the trial court's rulings in the admission and rejection of testimony. We have examined carefully the rulings complained of and find no prejudice resulting to appellant. The greater part of the objections go to the admission of freight bills and shipping instructions given by plaintiff to carriers and others, the effect being to prove the ownership of plaintiff in the goods involved. The point urged by appellant is that he was not a party to these transactions and not bound thereby. However, he admitted receiving the very goods in question, and the effect of the proof received was simply to prove ownership in plaintiff. The fact of ownership in itself was but one step in plaintiff's proof, and following this proof plaintiff did show knowledge on the part of defendant of the ownership, or at least such facts as would compel an inference of knowledge on the part of defendant.

Finding no reason why the judgment of the trial court should be disturbed, the judgment is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 27, 1928.