[Civ. No. 11413. Second Appellate District, Division Two.—June 24, 1937.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), as Trustee, etc., Respondent, v. ELIZABETH COHEN et al., Appellants.

Bettin, Painter & Wait for Appellants.

Louis Ferrari, Edmund Nelson and G. L. Berrey for Respondent.

CRAIL, P. J.—This is an action to recover upon the agreement of the defendants to pay the purchase price of certain real property, and a default thereon. Prior to the filing of this action the plaintiff had filed an action against the same defendants upon the same identical transaction. The complaints in both actions are word for word the same, and the relief demanded is word for word the same, with the exception that in the former action plaintiff styled itself ''Bank of America'', and in this action it styled itself ''Bank of America . . . as trustee of trust No. BI–114'', and alleged that it held the property in question as trustee under a certain declaration of trust between itself and certain undisclosed principals.

The defendants who are the appellants, contend that, ''The plaintiff in the former action is the same as the plaintiff in this action,'' and so for the purposes of this decision we will assume that the complaints are identical in all respects except the filing stamps on their backs. In the present action the defendants filed, first, their answer to the merits, and second, their plea in abatement. When the case came on for trial the court took up first the plea in abatement.

At this stage of the proceedings the plaintiff offered to dismiss the prior action, but it could not be dismissed by the plaintiff under subdivision 1 of section 581 of the Code of Civil Procedure against the defendants' objections for the reason that the defendants had set up a counterclaim. The court suggested a stipulation for consolidation of the two cases, but defendants refused to stipulate. Thereupon the court started to consolidate the two actions on its own motion, suggesting a short continuance, but there was objection and the plan was abandoned. After hearing the evidence on the plea in abatement the court denied the plea. Whereupon counsel for defendants said, ''I take it that Your Honor now

wishes to go ahead with the trial of the [present] case."
And he further said, "Counsel will be present but will not take
any further active part in the trial of this action." The
court proceeded with the trial of the case on the merits and
rendered judgment for the plaintiff. It is from this judg-
ment the defendants appeal. They contend that the judg-
ment should be reversed for the reason that the court should
have sustained the defendants' defense of prior action pend-
ing.

The plea of another action pending is dilatory in
its nature and is not favored by the courts. (1 Cal. Jur. 24.)
Indeed, it has been said that the law abhors a dilatory plea.
(1 Cal. Jur. 81.) The reason for the plea of another action
pending is based in part on the supposition that the second
suit is vexatious and unnecessary, but sometimes the second
suit is not in fact vexatious and unnecessary, and sometimes
the intervention of the plea in abatement is itself vexatious
and unnecessary.

The courts are quick to declare a waiver of the plea. For
instance, it has been held that as a general rule the plea will
be regarded as waived if the ground therefore is not pre-
sented within a reasonable time, or where the defendant has
pursued a course of conduct or procedure inconsistent there-
with. (1 C. J. S., Abatement and Revival, sec. 193.) A
plea in abatement may also be waived by obtaining or agree-
ing to a continuance without calling the attention of the
court to the plea. (1 C. J. S., Abatement and Revival, sec.
211.) The reasons for these rules are, among others, to
save the time of the court, to avoid unnecessary court ex-
penses, and to save litigants' from the expense of needless
litigation. (1 C. J. S., Abatement and Revival, sec. 193.)
It has been held in some jurisdictions that a plea in abatement
is waived even after joinder of issue thereon by filing an
answer to the merits. (1 C. J. S., Abatement and Revival,
sec. 211.) There is authority also to the contrary. We make
this statement solely for the purpose of illustrating the
abhorrence with which the courts look upon the plea of an-
other action pending.

The defendants in this action do not contend at any
place in the briefs that there has been a miscarriage of justice
or that prejudice resulted to them from the ruling. If the
court had sustained the plea in abatement it would have re-
sulted merely in the continuance of the case, sending the

witnesses home to come back again, expense and delay. The defendants do not point out to us anything so sacred about the filing-stamp on the back of a complaint that it would justify a reversal in this court after a trial on the merits in the superior court. The date mark is not a substantial difference and judgment on either complaint if once obtained will suffice. An appellant is entitled to assign for error only such proceedings in the trial court as injuriously affect him. (2 Cal. Jur. 840.)

All the above is said, following the defendants' contention that the parties plaintiff in the two actions are the same. If there is a substantial difference, then of course the plea of another action pending is futile in any event. (1 Cal. Jur. 31.) One of the cardinal virtues is efficiency. In recent years the Superior Court of Los Angeles County has been blessed with it. (Fifth Annual Report of Judicial Council.)

Judgment affirmed.

McComb, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 23, 1937.