[Civ. No. 11519.  Second Appellate District, Division Two.—September 27, 1937.]

J. M. STEWART, Jr., Respondent, v. SAN FERNANDO REFINING COMPANY et al., Defendants; J. O. MOFFETT, Appellant.

■■■■■■■■■■■■■■■■

■■■■■■■■■

Hibbard & Kleindienst and H. P. Hibbard for Appellant.

William H. Brawner and Caryl Warner for Respondent.

CRAIL, P. J.—This is an appeal from a judgment in favor of the plaintiff in an action by the plaintiff as assignee of A. L. Becker, doing business under the fictitious name of Standard Dehydrating Company, for damages under a written contract for the sale of crude oil to be produced from the Santa Barbara mesa oil field to be delivered to the defendant at his refinery near Newhall. The contract was dated November 12, 1934, was for the term of one year, and provided for deliveries at the rate of approximately 100 barrels per day until the 31st day of March, 1935, and thereafter at the rate of 250 barrels per day.

■ The first and primary contention of the defendant is that there was no evidence tending to prove that plaintiff's assignor properly tendered to defendant in the manner required by the contract any oil which the latter unequivocally refused to accept prior to August 13, 1935. Viewing the evidence in the light most favorable to the plaintiff we find that there is substantial evidence that the plaintiff's assignor continually tendered the daily instalments of oil to the defendant who, without questioning the form of the tender, rejected it. The record contains numerous statements to the effect that plaintiff's assignor pleaded with the defendant to accept the daily instalments of oil and that defendant refused, assigning as his reasons that his storage was full or that he could not use the oil. Defendent's refusal to accept the oil continued until after the last delivery on May 7, 1935, when on June 1st the plaintiff telephoned the defendant and the defendant flatly refused to accept further deliveries of oil.

■ The defendant next contends that there is no evidence showing that the market value of the unaccepted oil at the place of delivery was any sum less than the contract price. A reading of the transcript shows that there is substantial evi-

dence that the market value of the oil at the place of delivery was substantially seventy-four cents per barrel, whereas the contract price was eighty-one cents per barrel.

The defendant next complains that the court erred in instructing the jury relative to the measure of damages. We find nothing wrong with the instructions on the measure of damages. They are taken from several sections of the Civil Code which cover the situation. The defendant's real complaint in this regard seems to be that there is not sufficient evidence of special damage. But there was some evidence as to these items, and we will not presume that the jury awarded damages as to items where the evidence did not preponderate in favor of the plaintiff.

The defendant next contends that the court erred in inserting in one of the instructions presented by the defendant the words "or thereafter". We see no reversible error arising from this insertion.

The defendant next contends that the court erred in overruling the motion of the defendant for a judgment notwithstanding the verdict. This motion was based on the same grounds which have heretofore been presented and answered herein and is without merit.

Finally, the defendant contends that the court erred in denying the defendant's motion for leave to file an amended answer. On the second day of the trial defendant presented to the court his motion for leave to file an amendment to the answer. This motion was accompanied by the proposed amendment wherein it was alleged that at all times referred to in the complaint A. L. Becker and J. M. Stewart, Jr., were conducting and carrying on a business in the city of Santa Barbara under the name of Standard Dehydrating Company, a fictitious name, without complying with the provision of section 2466 of the Civil Code, and therefore the plaintiff, as assignee of A. L. Becker, was without authority in law to bring or maintain the action. The proposed amendment was a plea in abatement. (*Rudneck* v. *Southern California M. & R. Co.*, 184 Cal. 274 [193 Pac. 775] ; 1 Cal. Jur. 39.) Such pleas are not favored in law. (1 Cal. Jur. 80; *Bank of America etc. Assn.* v. *Cohen,* 21 Cal. App. (2d) 510 [69 Pac. (2d) 875].) The discretion of the trial judge in denying a motion to amend an answer for the purpose of raising a plea

of abatement under section 2466 of the Civil Code will not be disturbed on appeal. (*Bryant* v. *Wellbanks,* 88 Cal App. 144 [263 Pac. 332].)

Judgment and order affirmed.

Wood, J., and McComb, J., concurred.